IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BARONI, : | |
| : | CIVIL ACTION |
| Petitioner, : | |
| v. : | NO. 06-cv-5661 |
| : | |
| EDWARD KLEM, et al., : | |
| : | |
| Respondent. : | |
| : | |

MEMORANDUM AND ORDER

    The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA" and codified at 28 U.S.C. §§ 2241-2266) deals with the right of persons in state or federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If a federal court issues a writ of habeas corpus, the prisoner will be released from state custody or federal custody (depending on the facts of the case) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001).

    AEDPA contains several restrictive conditions that a petition for a writ of habeas corpus must satisfy. Among these restrictions in the "second or successive petition rule", which generally forbids a petitioner from filing a petition for a writ of habeas corpus if that petitioner had previously filed a petition for a writ of habeas corpus that was dismissed with prejudice. See Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).

    In this matter, Petitioner previously filed two petitions for a writ of habeas corpus under 28 U.S.C. § 2254, docketed in this court as civil action numbers 86-4813 and 03-5489. The first petition, 86-cv-4813, attacked the same conviction and/or sentence attacked in the instant petition and was dismissed without prejudice for failure to exhaust state remedies. The second petition, 03-

1

cv-5489, also attacked the same conviction and/or sentence as the instant petition and argued that the trial court gave an erroneous jury instruction concerning the "beyond a reasonable doubt" standard. This petition was dismissed <u>with prejudice</u>.

On December 28, 2006, Petitioner filed the instant petition seeking release from state custody based on the allegation, raised previously in his second petition, civil action number 03-5489, that the trial court gave an erroneous jury instruction concerning the "beyond a reasonable doubt" standard. Petitioner seeks relief under Fed. R. Civ. P. 60(b), not AEDPA. The Court finds that under the facts presented, this petitioner cannot obtain relief pursuant to Rule 60(b) based on an alleged violation of the Constitution of the United States.

Federal Rule of Civil Procedure 60(b) provides for relief from final judgment.[1] Rule 60(b), however, only applies to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or "the Rules Governing Section 2254." Fed. R. Civ. P. 81(a)(2). In <u>Gonzalez v. Crosby</u>, the Supreme Court considered the extent to which AEDPA limited the application of Rule 60(b). 125 S.Ct. 2641 (2005). The court held that if a motion for relief under Rule 60(b) sets forth what would constitute a "claim" under 28 U.S.C. § 2254, such a motion must be considered to be a successive petition for habeas corpus relief, requiring authorization from the circuit court of appeals. <u>Id.</u> at 2648. A Rule 60(b) motion sets forth a "claim" if it attempts to "add a new ground for relief" or "attack the federal court's previous resolution of

---

[1] Rule 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

a claim on the merits." Id.  A Rule 60(b) motion does not set forth a "claim" if it attacks "some defect in the integrity of the federal habeas proceedings" and not "the substance of the federal court's resolution on the merits."  Id.  Similarly, in Pridgen v. Shannon, the Third Circuit held that:

> In instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

380 F.3d 721, 727 (3d Cir. 2004).

In this case, Petitioner's motion for relief is based on an allegation that the trial court erred in its instruction on the "beyond a reasonable doubt" standard.  This clearly alleges a violation of the United States Constitution, and as such, is a "claim" as defined by the United States Supreme Court. Since Petitioner's petition contains a "claim" it is to be treated as a second or successive habeas petition.  Gonzalez, 125 S.Ct at 2648.

In addition, Petitioner's motion for relief argues that AEDPA's statute of limitations does not apply to his petition because he is "actually innocent."  AEDPA's statute of limitations and its "second or successive petition" rule do not serve to bar a petition for which there is newly discovered evidence which "could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder, applying a beyond a reasonable doubt standard, would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).   Therefore, the "second or successive petition" rule would not bar a petition for a writ of habeas corpus pursuant to AEDPA in situations involving newly discovered evidence of actual innocence.  See Calderon v. Thompson, 523 U.S. 538 (1998).  In the instant petition, however, Petitioner does not allege the existence of newly discovered facts concerning his claims.  If petitioner does, in fact, have newly discovered evidence, he must first petition the U.S. Court of Appeals for the Third Circuit for permission for

this court to consider these arguments, pursuant to 28 U.S.C. § 2244(b)(3)(A). Further, if petitioner has newly discovered evidence of actual innocence, AEDPA provides that the statute of limitations in cases attacking state custody does not run out until at least one year after this evidence of actual innocence could have been first discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

AND NOW, this 5th day of March, 2007, as Petitioner's motion for relief under Fed. R. Civ. P. 60(b) is in fact a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2554, and Petitioner has not been granted permission by the Court of Appeals for the Third Circuit to file such a petition with this court, it is hereby ORDERED that the petition for relief pursuant to Fed. R. Civ. P. 60(b) is DENIED. The Clerk of this Court shall close this matter for all purposes, including statistics.

BY THE COURT:

S/ James T. Giles
                J.